SHERIEL L. SEXCIUS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sexcius v. Commissioner
Docket No. 29851-89
United States Tax Court
T.C. Memo 1991-162; 1991 Tax Ct. Memo LEXIS 181; 61 T.C.M. (CCH) 2383; T.C.M. (RIA) 91162; April 9, 1991, Filed *181 Decision to be entered upon disposal of the severed issue. Sheriel L. Sexcius, pro se. Warren P. Simonsen, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code, and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes for the years 1986 and 1987 in the amounts of $ 4,500 and $ 5,927.33, respectively. Respondent also determined that for the year 1987 petitioner was liable for additions to tax under section 6651(a)(1) in the amount of $ 349.39 and under section 6661 in the amount of $ 1,481.83. Further, respondent seeks an increased deficiency for the year 1987 in the amount of $ 1,190.00. The issues for decision are (1) whether petitioner's tutoring and ghostwriting was an activity not engaged in for profit as defined by section 183, and (2) whether petitioner is liable for the addition to tax under *182 section 6661 for substantially understating her 1987 income tax. The related issues of substantiation of petitioner's Schedule C expenses and certain Schedule A business and miscellaneous expenses have been severed, pending the Court's decision in the section 183 issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Washington, D.C., at the time the petition was filed. Petitioner is a teacher in the District of Columbia school system. She has a bachelor of science degree and is certified to teach biology. She has taught that subject since 1970. Petitioner also has a registered nurse degree and has worked part-time as a nurse on weekends. In 1979 petitioner decided to take advantage of her skills as an educator to earn extra money by tutoring and counseling students. According to petitioner, approximately 10 to 30 percent of the students she taught needed tutoring and counseling. Petitioner advertised her availability for these services by sending out flyers to the parents of her students. In some instances she passed out the flyers directly to the *183 students; at other times she mailed the flyers to parents. When petitioner determined that a particular student needed tutoring or counseling, she approached the student's parents at Parent Teacher Association (PTA) meetings. Petitioner tutored from one to four students per week in math, English, and science. She did this throughout the year, including the summer months when school was not in session. She charged her students an amount varying from two to eight dollars per hour and billed them on a monthly basis. When all of her students paid the full amount, petitioner had income of about $ 32.00 a week from her tutoring. However, the students petitioner tutored were from low income families that sometimes had difficulty paying for her services. Petitioner testified that when this occurred she did not pursue any kind of collection activity. Petitioner also counseled the students she tutored. She did not charge separately for this counseling, but included it in the tutoring cost. In addition to tutoring and counseling students, petitioner ghostwrote grievances for three teachers in the latter part of 1987. She charged approximately $ 10.00 for this service, although the *184 amount each teacher paid was left to the discretion of the teacher. Petitioner claimed losses from her counseling and ghostwriting activity every year she carried it on, including the years in issue. In 1986 petitioner's gross receipts were $ 3,200 and her net loss was $ 15,283. In 1987 her gross receipts were $ 3,800 and her net loss was $ 20,276. Petitioner stated that when she first started counseling students she expected to make a considerable amount of profit, but later modified her expectations when she realized what sort of students she had. Petitioner did not maintain a separate bank account for this activity. She testified that she had a business plan, but did not produce a copy of it when requested to do so by respondent. For the years in issue, petitioner had Mr. Roosevelt Hill as a business advisor. Petitioner testified that Mr. Hill did cash flow analyses of her activity, although she does not recall whether these were done for any year in particular. Petitioner also testified that she paid Mr. Hill for other professional services he performed for her, but again she does not remember what these services were or the amounts she paid. Petitioner claimed deductions *185 attributable to her counseling and ghostwriting activity on Schedule C of her Federal income tax returns for 1986 and 1987. These deductions were in the amounts of $ 18,483.22 and $ 24,076.80, respectively. Respondent disallowed these deductions on the grounds that petitioner did not have the requisite profit objective under section 183 and had failed to substantiate the deductions. OPINION Profit Objective under Section 183
Section 183(a) provides that "if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." When an activity is not engaged in for profit and there is no gross income therefrom, section 183(b) allows only those deductions that are allowable whether or not the activity is engaged in for profit (e.g., interest and taxes). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." In determining whether an activity is engaged in for profit, petitioner must show that she engaged in the activity *186 with an actual and honest objective of making a profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The question of whether the requisite profit objective exists is to be resolved on the basis of all the surrounding facts and circumstances of the case. Sec. 1.183-2(b), Income Tax Regs.; Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Greater weight is to be given to the objective facts than to petitioner's statements of her intent. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner, supra at 645. Petitioner has the burden of proof to show that she had the requisite objective and that respondent's determination that the activities were not engaged in for profit is incorrect. Welch v. Commissioner, 290 U.S. 111, 54 S. Ct. 8, 78 L. Ed. 212 (1933); Rule 142(a). Some of the relevant factors to be considered in evaluating whether an activity is engaged in for profit are listed in section 1.183-2(b), *187 Income Tax Regs. These factors include (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of pleasure or recreation are involved. No one factor is conclusive in making this determination. Allen v. Commissioner, 72 T.C. 28, 33-34 (1979). On this record we find that petitioner has failed to show that she possessed the requisite profit objective with regard to her activity. The manner in which petitioner carried on her activity does not show an objective of making a profit. Petitioner charged minimally for her services, and she was actually indifferent to being paid. Petitioner stated that she had a specific fee for her ghostwriting services, but allowed her customers *188 to pay at their discretion. Her fee for tutoring and counseling varied according to the student's ability to pay. This in itself may be understandable, but petitioner made no effort to collect for her services other than sending a bill. Petitioner's activity never had a profitable year. In 1986 gross receipts were $ 3,200, but there was a net loss of $ 15,283. In 1987 gross receipts were $ 3,800; the net loss was $ 20,276. Petitioner had total losses of approximately $ 100,000 from 1979, the year she commenced her ghostwriting and counseling activity, through the years in issue. The amount of time and effort petitioner put into her activity does not suggest a profit objective. Petitioner only tutored three or four students per week. She did ghostwriting for the three teachers in only one of the two years at issue. When considered against the enormity of the expenses claimed, the amount of time and effort she put into the activity could not result in a profit. Because petitioner has not demonstrated that her activity had a profit objective, the related issue of substantiation of her Schedule C expenses need not be considered in a separate proceeding. Petitioner is not entitled *189 to the deductions regardless of whether the deductions are substantiated. Section 6661 Addition to Tax
Section 6661 imposes an addition to tax for a substantial understatement of income tax. As applicable herein, section 6661(b)(1)(A) defines a substantial understatement as an understatement which exceeds $ 5,000 or 10 percent of the tax due. Petitioner understated her income tax for 1987 by $ 5,693.33. Petitioner has not shown, and we do not find, that she is within any of the exceptions enumerated in section 6661(b)(2)(B). Further, petitioner has failed to show that respondent's refusal to grant a waiver was an abuse of his discretion. See Mailman v. Commissioner, 91 T.C. 1079 (1988). Therefore, she is liable for the addition to tax pursuant to section 6661 as determined by respondent. See Tweeddale v. Commissioner, 92 T.C. 501 (1989). Decision to be entered upon disposal of the severed issue.